UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREAT AMERICAN INSURANCE COMPANY,

        Plaintiff,

v.

        Case Number 09-12488-BC
        Honorable Thomas L. Ludington

GEOSTAR CORPORATION , TONY P.
FERGUSON, THOM E. ROBINSON, JOHN
W. PARROTT, S. DAVID PLUMMER,
SPENCER D. PLUMMER, CLASSICSTAR
FARMS, INC., CLASSICSTAR FARMS,
LLC, FIRST SOURCE WYOMING, INC.,
GEOSTAR EQUINE ENERGY, INC.,
GEOSTAR FINANCIAL CORPORATION,
GEOSTAR FINANCIAL SERVICES
CORPORATION, AND DOES 1–100,

        Defendants.
_____/

**ORDER ADJOURNING HEARING DATE ON MOTION TO TRANSFER**

Plaintiff Great American Insurance Company filed a complaint against Defendants GeoStar Corporation and several of its officers, directors, and subsidiaries on June 24, 2009, seeking a declaratory judgment that an excess directors and officers liability insurance (D&O insurance) policy written by Great American in 2004 was void because of misrepresentations on the application. (Cmpl. ¶ 1.) The excess D&O insurance policy was designed to indemnify GeoStar and its principals against liability in excess of the policy limits of the primary insurance coverage provided by Travelers Casualty and Surety Company of America. (Cmpl. ¶ 42.) GeoStar also purchased a second excess D&O insurance policy from Axis Reinsurance at approximately the same time. That policy is the subject of a similar lawsuit also before this court. *See Axis Reins. Co. v. GeoStar Corp.*, 09-cv-12608-BC (E.D. Mich. 2009).

When Great American issued the policy to GeoStar in November 2004, it was apparently unaware that the Internal Revenue Service (IRS) had already begun auditing several clients of GeoStar's mare lease program and just "days earlier" the IRS had informed Defendant David Plummer that he was under investigation for "promoting abusive tax shelters . . . ." (Cmpl. ¶ 38.) Those audits and investigations eventually led to disallowed deductions for GeoStar clients, criminal investigations of GeoStar principals, dozens of civil suits filed against the company and its subsidiaries (cmpl. 37–40), and, consequently, the exhaustion of GeoStar's primary insurance policy and claims for indemnity under the Great American policy.

Before Axis filed suit in this Court, many of the suits pending against Geostar and its subsidiaries had been consolidated for discovery by the United States Judicial Panel on Multidistrict Litigation (MDL) and assigned to Judge Joseph M. Hood of the Eastern District of Kentucky. (Defs.' Mot. to Transfer at 2.)  Now before the Court is Defendants' motion pursuant to 28 U.S.C. § 1404 to transfer this case to the Eastern District of Kentucky where it would presumably be combined with the MDL pending before Judge Hood as a so-called tag-along case. Although 28 U.S.C. § 1407 reserves the power to add new cases to the MDL exclusively to the Judicial Panel, 28 U.S.C. § 1407(c), this Court retains the power to transfer cases to other districts "for the convenience of the parties and witnesses" under the generally applicable change of venue statute, 28 U.S.C. § 1404.  *See* 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3862 (2007 & Supp. 2009).  In this particular case, however, Defendants have a second motion pending before the Judicial Panel on MDL under 28 U.S.C. § 1407(c)(ii) requesting that this case be added to the MDL, and Plaintiff has indicated to the Judicial Panel that it will oppose transfer under § 1407.  (Conditional Transfer Order (CTO-17).)

The Judicial Panel is familiar with the factual and legal issues involved in the MDL, and

-3-

therefore better equipped to decide whether this case should be transferred to Kentucky and consolidated with the MDL. Consequently, this Court will adjourn the hearing on Defendants' motion to transfer currently scheduled for August 25, 2009 in order to give the Judicial Panel on MDL an opportunity to decide whether this case should be added to the MDL under § 1407.

Accordingly, it is **ORDERED** that the hearing on Defendants Motion to Transfer (dkt. 11) previously scheduled for August 25, 2009 is **ADJOURNED**.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: August 18, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 18, 2009.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS